CHARLES H. DIFFENBACH and HENRY B. ROEMER
*vs.* THE NEW YORK LIFE INS. CO., AUGUST
VOGELER, and others. SAME *vs.* THE MANHAT-
TAN LIFE INS. CO., AUGUST VOGELER, and others.

*Relative rights of several Assignees of Policies of Life Insur-
ance—Competency of Witness—Estoppel.*

Two policies on the life of G. A. M. were by him assigned to A. V.
Afterwards by separate assignments under seal, G. A. M. assigned
to R. D. M. and E. J. D. C., all his interest in said policies, stating
that said assignments were made "to secure as far as may be, from
the proceeds of said policies, the payment to said M. and C. the
sum of one thousand dollars each, due and owing them by me;
and I do further assign all my interest in said policies over and
above said sum, unto C. H. D. and H. B. R. equally, to secure the
amount due by me to them. This assignment to the parties above
mentioned, being made subject to the lien of A. V. for moneys
advanced by him on said policies, or otherwise on my account."
After the death of G. A. M., bills were filed by C. H. D. and H. B.
R. against each of the insurance companies respectively, and A. V.
and R. D. M. and E. J. D. C. under which the sums due on the
policies were paid into Court, and a decree was passed directing
the manner in which the money thus paid in was to be distributed.
On an appeal by the complainants it was HELD:

1st. That claiming as the complainants did, under an assignment of
policies of life insurance, the validity of which the Insurance
Companies had not denied, but had paid the amount secured by
them into Court for payment to whoever might be entitled, the
legality of the transaction did not arise; and the proceeds must
be disposed of according to the equities of the complainants and
defendants respectively.

2nd. That taking by the assignments the complainants could only
take that which the assignments gave them, and the assignments
recognized the lien of V. on account of advances for premiums,
"and otherwise."

3rd. That whatever the interest of V. appeared to be in any legitimate way, it must take the precedence in payment over all the other assignees.

4th. That the death of G. A. M. did not render V. an incompetent witness on his own behalf, the controversy being wholly between the complainants and V., and the original transactions between V. and G. A. M. were only incidentally involved.

The complainants relied on the failure of V. to disclose his full claims at an interview testified to by R. D. M. and E. J. D. C., as an estoppel from setting up the claim he afterwards produced. HELD:

1st. That this was not a case for the application of that doctrine.

2nd. That in the light of succeeding events it would have been better if V. had made a full disclosure of his claims, but the Court were not prepared to say he was so far bound to disclose the nature of his claims supporting the *absolute assignment*, as to estop him from afterwards supporting that assignment by showing full consideration.

APPEALS from the Circuit Court of Baltimore City.

Doctor G. A. Moore on or about the second day of October, 1872, took out two policies of insurance upon his life, each for the sum of five thousand dollars, one in the New York Life Insurance Company, and the other in the Manhattan Life Insurance Company of New York. On the second day of December in the same year these policies were assigned to August Vogeler. On the 11th of May, 1881, Moore made separate assignments in writing under seal of each of these policies. The two assignments were precisely the same in terms, *mutatis mutandis,* and one of which is as follows:

For value received, I do hereby assign and transfer unto Robert D. Morrison and E. J. D. Cross, the policy issued upon my life for the sum of five thousand dollars, by the New York Life Insurance Company, No. 92,525, and all my right, title and interest in said policy, and in

the sum of money thereby secured; this assignment being made to secure as far as may be, from the proceeds of said policy, the payment to said Morrison and Cross, the sum of one thousand dollars each, due and owing them by me; and I do further assign all my interest in said policy, over and above said sum unto Charles H. Diffenbach and H. B. Roemer equally, to secure the amount due by me to them.

This assignment to the parties above mentioned, being made subject to the lien of August Vogeler, for moneys advanced by him on said policy, or otherwise on my account.

Having executed at the same time herewith, an assignment of a certain other policy upon my life, in the Manhattan Life Insurance Company of New York, to said parties, to secure them for said indebtedness, I hereby recognize the priority of the lien hereunder and thereunder, of said Morrison and Cross on both of said policies, to the extent of said one thousand dollars each, which I design to secure by said assignments, the said sum of two thousand dollars, being the entire sum designed to be secured to said parties.

Witness my hand and seal, this 11th day of May, 1881.

G. A. MOORE, [Seal.]

Witness:—*J. W. Foster, Jr.*

After Moore's death Diffenbach and Roemer filed a bill against each of said insurance companies, making Vogeler, Morrison, and Cross defendants in each case, calling for a discovery under oath from Vogeler of the nature, origin, consideration, and extent of his claim to said policies, and as to what other security or satisfaction he had for said claim, and asking that the money due on said policies be paid into Court by said companies, and that the same might be distributed amongst the parties entitled thereto according to their several legal and equitable rights and

priorities. In the progress of the causes the money was paid into Court by the insurance companies. Vogeler answered the bills under oath, giving a detailed statement of his claims. Testimony was taken, and a decree was passed by the Court below (DUFFY, J.,) appropriating the moneys paid into Court, first to the payment of costs, then to the claims of Vogeler as ascertained by the decree, next to the payment of the claims of Morrison and Cross, in full if sufficient, otherwise ratably, and the balance, if any, to the complainants. The complainants appealed. The case is further stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, and IRVING, J.

*John Prentiss Poe*, for the appellants.

When the policies were assigned in 1872, by Moore to Vogeler, nothing passed to the latter except sufficient to cover his insurable interest in Moore's life. This interest was nothing more than the amounts paid as premiums, with interest thereon, and any indebtedness of Moore to Vogeler that existed at the date of assignment. *Warnock vs. Davis*, 104 *U. S.*, 775; *Page vs. Burnstine*, 102 *U. S.*, 669; *Conn. Mutual Life Ins. Co. vs. Schaefer*, 94 *U. S.*, 457; *Cammack vs. Lewis*, 15 *Wall.*, 643.

Upon different occasions, when the question of the disposition of these policies was discussed by the parties to this suit, Vogeler being present and being appealed to, said nothing of any claim, except for the premiums that he had paid. When asked by Dr. Moore and Mr. Morrison what objection he could have to the assignment of the policies to Messrs. Morrison and Cross, and the appellants, provided he was secured for the premiums that had been advanced, he said nothing. And not until Dr. Moore was dead, did he set up the claim that he now makes to have this Iowa land debt and the Toel debt paid out of the policies.

Knowing that Vogeler made no claim for anything but the premiums and interest paid by him, the appellants took an assignment of the policies in part payment of Dr. Moore's indebtedness to them, and insist that Vogeler is now estopped from setting up to their prejudice any other claims.

The testimony of the respondent, Vogeler, was inadmissible. Moore, the grantor in both assignments, was dead, and Vogeler being a party to the contract or cause of action in issue, and also a party to the record, was not a competent witness on his own behalf. *Rev. Code, Art. 70, sec. 2. Miller vs. Motter,* 35 *Md.,* 432; *Johnson and Wife vs. Heald, Ex'r, &c.,* 33 *Md.,* 352; *Neidig, Adm'x, vs. Whiteford,* 29 *Md.,* 184.

*John C. King,* for the appellee.

The evidence shows clearly that these policies were issued in October, 1872, and were at once assigned to Mr. August Vogeler, who became the legal assignee of them, and the premiums on them for nine years were paid from his own funds. This bill is not, therefore, an effort to make Mr. Vogeler account for policies of insurance enuring to his benefit, the premiums of which have been paid by the assured, Dr. Moore himself, or from any of Moore's funds, which are thus withdrawn from his estate in prejudice of his creditors. When the premiums of a policy of insurance are paid or are required to be paid by the assured, a trust on the proceeds may arise in favor of his creditors; but where the premiums are paid solely by the assignee of the assured, and from his own funds, it is difficult to see, in the absence of any agreement by the assignor or assured, to pay them, how a Court of Equity can attach a trust on the proceeds in favor of parties not privy to the transaction or agreement, who have neither paid nor agreed to pay any portion of the premiums, who incurred no risk, and who simply remained quiet and

waited for a Court of Equity to interpose and give them the benefit of a contract to which, as just observed, they are neither parties nor privies. Dr. Moore had, doubtless, an insurable interest in his own life, and an undisputed right to assign his policy. The payment of the premiums is a good consideration for the execution and maintenance of the policies which are by their very terms made payable to the assured, his executors, administrators and assigns. *Bliss on Life Insurance, section* 26; *Miller vs. The Eagle Life and Health Insurance Co.,* 2 *E. D. Smith,* 268, 290; *Trenton Mutual Life and Fire Ins. Co. vs. Johnson,* 4 *Zabriskie,* 576; *Baker vs. Union Mutual Life Ins. Co.,* 43 *N. Y.,* 283; *Valton vs. National Loan Fund Life Assurance Society,* 22 *Barb.,* 9.

This is not a case where an administrator is a party plaintiff or defendant, nor a case, properly speaking, where an original party to a contract or cause of action is dead. On the contrary, it is a case in which the complainants allege that Dr. Moore, their debtor, is deceased. Mr. Vogeler is not a party to their contracts or causes of action; and the contract or cause of action, if any they have, is their claim against Dr. Moore, and not Mr. Vogeler's account with Dr. Moore or with Dr. Moore's administrator. If Dr. Moore owed the complainants nothing, they certainly could recover nothing by proving that he owed Mr. Vogeler nothing.

They sue on their own claims against Dr. Moore, and Mr. Vogeler, as against the complainants, is competent to prove that Dr. Moore, their assignor, under whom they claim, had nothing to assign them, and to offer in evidence the acts and declarations of their grantor whether he be deceased or not. It is not for the complainants to exclude Vogeler's testimony, and to secure for themselves the testimony of Messrs. Morrison and Cross, Dr. Moore's counsel, by making them co-defendants in the case with Mr. Vogeler. *Leiter, et al. vs. Grimes,* 35 *Md.,* 434.

Messrs. Morrison and Cross are co-defendants, and are made witnesses by the complainants in their behalf, and as assignees, especially in their own behalf. This testimony will be found but little detrimental to the interest of Mr. Vogeler, giving it even its full effect, and when properly considered, it will be found entitled to very little consideration.

IRVING, J., delivered the opinion of the Court.

These are independent appeals in different cases; but, as they involved the same question, by agreement but one record was sent up, and the cases will be treated as one in this opinion.

The appellants filed their bill, in the Circuit Court of Baltimore City, alleging that in May, 1881, G. A. Moore, late of Baltimore City, deceased, being indebted to them, in large sums of money, under his hand and seal assigned certain policies of insurance on his life, for five thousand dollars each, in the New York Life Insurance Company and in the Manhattan Life Insurance Company of New York, to Robert D. Morrison and E. J. D. Cross, to secure them each the sum of one thousand dollars, due them respectively, and then to the complainants to secure their claims against him respectively; that in December following the assignor died leaving the policies in full force. The bill further charges, that these assignments were made "subject to the lien of a certain August Vogeler for moneys advanced by him on said policies, or otherwise on account of said Moore." It charges that August Vogeler is not entitled to the whole of the policies, and, that for whatever claim he may have once had, he had accepted, and retained a conveyance of valuable land in Virginia. It charged that the complainants had applied to August Vogeler for a full statement of his claim and its origin, but had been unable to obtain a satisfactory statement thereof. The bill then calls for a full discovery, under

oath, and in detail, of "the nature, origin, consideration, and extent of the alleged lien, and what other security or satisfaction he has for said claim," and prays for a decree against the insurance companies for the payment of the money into Court and its distribution among the parties entitled under the order of the Court. The insurance companies replied by way of a cross bill asking to be permitted to pay the money into Court, and that they be discharged with their costs, as they admitted the indebtedness, but did not know to whom to pay.

The Court granted the prayer of the insurance companies and the money, less the costs allowed by the Court, was paid into Court, and the question arises on the decree of the Court distributing the same ; whereby, under the finding of the Court, the claims of August Vogeler were found to be so large there was scarcely enough left to pay Morrison and Cross, and none to be paid to the appellants.

The appellants concede the priority of the respondents, Morrison and Cross, but contend, that August Vogeler was entitled to nothing but the premiums he paid on the policies, with interest thereon ; and that the Court has erred in allowing him any more. The appellants deny, that Vogeler had any insurable interest in the life of Dr. Moore when the life policies were assigned to him by Dr. Moore, but waive any objection on that account, to the extent of the premiums paid and interest thereon, which is expressly provided for by the paper under which they claim.

The case is presented to us in such a way that we are relieved from considering some of the questions of law suggested, and relied on in argument. Claiming as the appellants do, under an assignment of policies of life insurance, the validity of which the insurance companies have not denied, but have paid the amounts secured by them into Court for payment to whoever may be entitled, the legality of the transaction does not arise, as we think.

The proceeds must be disposed of according to the equities of the complainants and defendants respectively.

Taking by the assignment the complainants can only take that which the assignment gives them; and that assignment recognizes the lien of Vogeler on account of advances for premiums "and otherwise." Whatever that interest of Vogeler appears to be, in any legitimate way, it must take the precedence in payment over all the other assignees. The complainants concede this substantially in their bill, and alleging ignorance of the nature and amount of Vogeler's claim over and beyond the premiums paid, which latter are admitted to be properly allowable, they call on Vogeler to discover, under oath, the exact amount and character of his claims. He replies with minuteness in his answer. This demand for answer, on oath, was made, that the complainants might use it, if it suited their purposes, as evidence; and in order that they might controvert the claims set up, if they could do so. The record does not show, whether the answer was relied on by the appellants at the hearing below; and there is no opinion sent up with the record to inform us upon what ground the Circuit Court rested its decision; but the appellants did offer evidence intended to disprove the claims of which the answer gave them their whole information. Assuming that the answer, unless read in evidence by the complainants, would not, as such, be admissible in evidence for Vogeler, he has voluntarily testified as a witness in the cause. His testimony was excepted to, and the decision of the cause depends upon the question thus raised as to his competency. There is no formal mention in the decree of the overruling of this exception by the Court below, but as his testimony fully supports the decree, as passed, we conclude the Court regarded the objection untenable, and Vogeler to be competent. In that view we entirely concur. He is not within the letter of the statute, and we do not think he is, in this suit, within

the reason of it. Vogeler is not suing the representatives of Dr. Moore on a claim against him. No executor or administrator is a party to the suit. Vogeler holds an absolute assignment of certain life insurance policies, which he claims. The insurance companies do not deny their liability, and by permission of the Court pay the fund into Court, that the interpleading parties may take the same under order of Court adjudging their respective rights. The complainants assert that Vogeler's absolute assignment was really a mortgage of the policies only, and that after the payment of his claims, they, as assignees of Dr. Moore's interest in the surplus after paying Vogeler, are entitled to the residue. Their assignment recognizes the claim of Vogeler for premiums paid "and otherwise," as having priority, and their assignment is made expressly subject to it; but they insist, that as Dr. Moore is dead, Vogeler cannot be allowed to speak. From the very nature of the suit this cannot be so. It is a controversy wholly between appellants and Vogeler, and the original transactions between Vogeler and Dr. Moore are only incidentally involved. As assignees they can only take what Vogeler would have a right, as against Moore at the time of the assignment, to claim. Equity forbids them to rely on the statement of Dr. Moore, now dead, that he was entitled to something after paying Vogeler, and disallow Vogeler's exhibit of the transactions existing only between him and Moore, by way of showing what his claim is. The rule intended to be established by the statute is one of mutuality, and when Moore parted with his interest, he parted with it recognizing and reserving Vogeler's superior claim, and the complainants did not represent him as executors or administrators would do, under the statute. The case falls within the reason and ruling of *Cooke vs. Cooke*, 29 *Md.*, 538. In that case the appellant filed his petition in the Orphans' Court against the executor of a testator, alleging that certain property

of the decedent had come to the executor's hands, describing it. The petition admitted that it was held and claimed under a bill of sale from the testator to the executor, but the allegation was, that it was, in fact, only a mortgage, and that but a certain amount stated in the petition was due. The petition prayed for an inventory and that the bill of sale might be declared void. The executor replied asserting his absolute title to the property, and alleging various advances to the testator. Issues were framed and sent to a Court of law for trial. At the trial the *executor* was permitted to show, by *his own testimony*, the various advances he had made to the testator in support of his title by the bill of sale. Exception was taken, and on appeal this Court affirmed the ruling of the lower Court in that respect, and said that the executor in such case did not fall within the prohibition of the statute. The entire analogy, between the facts of that case and this, is striking. In fact, being an *executor*, there was stronger reason for holding him within the prohibition than there is for holding Vogeler excluded. But his title being collaterally attacked, as here, he was not excluded. Looking at the question from an equitable standpoint, there is no ground for stretching the statute in this case beyond its natural and reasonable intendment. Vogeler's testimony being receivable, the decree was clearly justified by the proof. The hand-writing of Dr. Moore to the vouchers offered is fully proved, and entirely corroborate Vogeler. It is useless to enter into details respecting the allowances made. The appellants could only take what the natural import of their assignment gave them, which gave expressly the priority to all claims of Vogeler. The appellants relied on the failure of Vogeler to disclose his full claims at the interview testified to by Messrs. Morrison and Cross, as an estoppel from setting up the claim he afterwards produced. We do not think this a case for the application of that doctrine. He had an absolute assign-

OCTOBER TERM, 1883.        381

ment; he was advised to so claim it by his counsel, and for sundry reasons we do not think the contention well-grounded. Messrs. Morrison and Cross get their claim and do not appeal. The appellants were not present at the interview, and were not represented. Besides, nothing was said to Dr. Moore or by Dr. Moore about securing them by assignment until after Vogeler had gone from the place of interview. In the light of succeeding events, it would have been better if Vogeler had made a full disclosure of his claims; but we are not prepared to say he was so far bound to disclose the nature of his claims supporting the *absolute assignment,* as to estop him from afterwards supporting that assignment by showing full consideration. The decree will be affirmed.

*Decree affirmed.*

(Decided 21st February, 1884.)