State, use of Taylor, *et al. vs.* Brown, *et al.*

(Decided 24th June, 1885.)

---

STATE OF MARYLAND, use of MARTHA ANN TAYLOR, by WILLIAM J. TAYLOR, her husband and next friend, and others *vs.* WILLIAM BROWN, SR., and others.

*Bequest of money—Life tenant—Remainderman—Waste— Executor's bond—Orphans' Court—Order to bring money into Court—Revocation of Letters testamentary—Appointment of Administrator de bonis non cum testamento annexo—Application of Remainderman to a Court of Equity.*

Where money is bequeathed to one for life, with remainder to another, and the executor, or administrator with the will annexed, has wasted

7                               v. 64.

or converted it to his own use, the remainderman cannot sue the bond of such executor or administrator, during the life-time of the tenant for life.

The remedy for the remainderman in such case, is to apply to the Orphans' Court to order the executor to bring the money into Court to be safely invested, so that the tenant for life may receive the interest during his life, and at his death the principal may be paid over to the remainderman.

Upon the neglect or refusal of the executor to comply with such order, the Court will revoke his letters and appoint an administrator *de bonis non,* with the will annexed, and direct him to bring suit on the testamentary bond of the recusant executor. Or the remainderman may proceed against such executor in a Court of equity, and compel him to bring the money into Court for investment.

APPEAL from the Baltimore City Court.

This is an appeal by the plaintiff from a judgment for the defendants on a general demurrer to the declaration. The case is stated in the opinion of this Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Benjamin Kurtz,* and *Edward Otis Hinkley,* for the appellant.

*William M. Merrick,* for the appellees.

STONE, J., delivered the opinion of the Court.

A certain Sarah Ann Brown, of Baltimore City, died in 1874, having first duly executed her last will, by which she bequeathed the whole of her property to her husband, William Brown, Sr., for his life, with remainder after his death, to her children, William Brown, Jr., and Martha Taylor, and appointed her husband executor.

William Brown, Sr. renounced the office of executor, and the Orphans' Court then appointed William Brown,

Sr., and a certain J. Sellman Shipley administrators, with the will annexed, of the said Sarah Ann, and they duly gave bond and qualified as such administrators. The administration bond is dated in October, 1874.

William Brown, Sr., in June, 1875, executed a paper declaring that he did renounce his right to execute any trusts under the will, but claimed all his *beneficial* interest.

He, William Brown, Sr., also in 1878 executed a deed of trust of all his property, including that received as devisee of his wife, to a certain Richard W. Templeman, the income from said property to be first applied to his, the grantor's interest under the will of his wife, and then the balance to his support and maintenance.

It appears that the children and grandchildren of the testatrix in 1878 filed a bill in equity against William Brown, Sr., praying for the appointment of a trustee to execute the trusts of the will of Sarah Ann Brown, and the Court appointed said Templeman as such trustee.

This suit was brought in 1883 on the administration bond of William Brown and J. Sellman Shipley as administrators with the will annexed, of Sarah Ann Brown, by Templeman trustee, and the children and grandchildren of the testatrix Sarah Ann, alleging waste by said administrators. When the suit was brought William Brown, Sr. was, and from aught that appears from the record, is still living.

A good many questions have been raised and argued, and many authorities cited in this case, but the whole question really presented, is whether when personal property is bequeathed to one for life, with remainder to another, and the executor, or administrator *cum testamento annexo* has wasted or converted to his own use the property so bequeathed, a suit upon his bond can be maintained by the remainderman *while the tenant for life is still living ?*

In the case before us, the property alleged to be wasted was *money.* To the whole *interest* on this money Wil-

liam Brown. Sr., the tenant for life, is entitled during his life, and at his death the principal should be paid over to those entitled in remainder. All that the remaindermen are entitled to during the life of William Brown, Sr., is to have this money securely invested for their benefit, so that they may receive it at the proper time. They are not entitled to receive into their hands as their own one cent of this during the life of William Brown, Sr. Security only is what they are entitled to, and the law clearly and distinctly points out the mode and manner of its obtention. It is the duty of the executor, or administrator *cum testamento annexo* to invest under the order of the Orphans' or equity Court, in some safe manner, money bequeathed to one for life with remainder to another, so that the tenant for life may receive the interest during his life, and at his death the principal may be paid over to the remainderman. If the executor, or administrator with the will annexed neglects to do this of his own accord, upon the application of the remainderman, the Orphans' Court will so order, and upon his failure so to do, will revoke the letters of the recusant executor, and appoint an administrator *de bonis non*, with the will annexed, and direct him to bring suit on the bond of the recusant executor, collect the money and properly invest it. *State, use of Dittman, Adm'r vs. Robinson and Campbell,* 57 *Md.,* 486.

Or if the remainderman prefers so to do, in the case of an apprehended loss, he may proceed in a Court of equity against the defaulting executor, and compel him to bring the money into that Court for its investment.

By either of these proceedings the remainderman obtains every right that he is entitled to, and that is ample security, that when the time comes for him to receive his property he will get it.

The remainder limited over by the will of Sarah Brown, is in fact a contingent remainder. But it would make no

difference whether the remainder was vested or contingent. The life tenant is entitled to the interest on the whole fund for his whole life. By no rule of law or equity can *he be compelled* to accept a sum certain in lieu of his life interest. It would hardly be contended that the verdict of the jury should be for the whole amount of the money claimed to be wasted, because that would deprive the life tenant of all his rights. If the verdict was claimed for the whole amount, less the present value of the life estate in it, to be calculated by a jury according to the age and health of the life tenant, it would equally deprive him of an unquestioned right—the right to interest on the whole sum for his life. That is what the will gives him, and no Court, without his consent, can deprive him of it.

*Judgment affirmed,*
*with costs.*

