WILLIAM R. GAMBLE, OLIVER B. LOGAN, and WILLIAM T. HAMMOND *vs.* ELI S. SENTMAN. Same *vs.* Same.

*Writ of Error—Transmission of Record—Plea of Tender—Payment of money into Court—Verdict—Costs—Art. 75, secs. 19, 20, of the Code—Appeal.*

Under Rule 2, relating to Appeals, as amended by Rule 27, the time within which the transcript of a record of a case must be transmitted to the Court of Appeals, runs in respect of a writ of error, from the date of the order allowing the writ.

In an action of *assumpsit* the declaration counted upon a promissory note for $300, dated the 22nd of February, 1886, payable in six months, with interest from date. The defendants pleaded that they did not promise as alleged except as to $160, a part of the plaintiff's claim, and that they tendered the same to him before the issuing of

Gamble, *et al. vs.* Sentman.

the summons, and now bring the same into Court. The plaintiff replied that the sum tendered was not enough to satisfy his claim. The jury rendered a sealed verdict for the plaintiff for $160, without stating whether it was for the the sum paid in or not. The Court allowed the plaintiff to take out of Court the $160, paid in, and to recover another sum of $160, by giving judgment in his favor on the verdict. On writ of error allowed to defendants, it was HELD:

1st.   That the true meaning of the verdict was that the jury found that the plaintiff was entitled to the sum paid into Court, and no more.

2nd.   That the Circuit Court after directing the money to be delivered to the plaintiff, should, under the statute, have entered judgment on the verdict for the defendants, and directed the costs of the suit to be taxed in their favor.

Where the transcript of the record of a case is not transmitted to the Court of Appeals within three months from the time the appeal is taken, according to the Rule on that subject, the appeal will be dismissed.

APPEAL and WRIT OF ERROR from the Circuit Court for Cecil County.

The defendant in error sued the plaintiffs in error on the 14th of September, 1886, in an action of *assumpsit.* The declaration counted first upon a promisory note for $300, dated the 22nd of February, 1886, payable in six months with interest from date, and to this count were added the common counts for money had and received, for goods sold and delivered, and for money found due on an account stated.

The defendants pleaded, 1st, never indebted as alleged ; 2nd never promised as alleged, and 3rd, the following special plea :

"And for a third plea the defendants say that they did not promise as alleged except as to $160, a part of the plaintiff's said claim, and that as to said sum of $160, part of said claim, they tendered the same to the plaintiff before the issuing of the summons in this case, and now bring

the same into Court to be paid to the plaintiff in full satisfaction of his said demand, which the defendants are ready to verify, &c." This money was actually paid into Court on the day the pleas were filed.

The plaintiff then entered a general replication to each of these pleas, and also filed the following special replication to the third plea:

"And for a replication to the defendant's third plea the plaintiff says that the said sum of $160 paid into Court here by the defendants is not enough to satisfy the claim of the plaintiff in respect of the matter to which the said third plea is pleaded."

The defendants then joined issue to all the replications and the case went to trial before a jury upon the issues thus made up. On the 3rd of February, 1887, the jury rendered the following sealed verdict:

| | |
|---|---|
| ELI S. SENTMAN<br>*vs.*<br>WILLIAM R. GAMBLE<br>and others. | Circuit Court for<br>Cecil County,<br>No. 87, Trials. |

"The undersigned jurors in the above entitled case find a verdict for the plaintiff for one hundred and sixty dollars ($160.00.)

"Witness our hands and seals," which was followed by the signatures and seals of the twelve jurors.

The next day after this verdict was rendered, the defendants moved the Court to tax the costs in the case against the plaintiff, upon the ground that he had "only recovered the amount proven to have been tendered in satisfaction of his claim before suit brought." With this motion pending the case was continued to the March Term. On the 31st of March the plaintiff orally moved for permission to take out of Court the amount paid in by the defendants and that the same be paid to the plaintiff. On

the 1st of April the defendants moved the Court to award a repleader because the verdict was found upon immaterial issues, and because complete justice cannot be obtained otherwise than by a repleader. This motion the Court overruled, and at the same time also overruled the motion to tax the costs against the plaintiff, and granted the plaintiff's motion to take out of Court the amount paid in by the defendants and pay the same to the plaintiff. This amount was accordingly paid to the plaintiff by the clerk of the Court. After this had been done the Court on the same day gave judgment on the verdict, in favor of the plaintiff. The defendants then moved to amend this judgment, but upon what ground is not stated. The Court overruled the motion, and on the same day the defendants prayed an appeal. Afterwards on the 11th of April, they filed their petition for a writ of error, in which they alleged as grounds of error:

1st. That the instructions upon the character of the verdict to be found by the jury upon the issues joined in this case, given by the Court to the jury at the trial thereof in the form of a sealed verdict, were erroneous.

2nd. That the action of the Court overruling the motion filed on the 1st of April, 1887, by the defendants for a repleader was erroneous.

3rd. That the action of the Court overruling the motion filed by the defendants on the 4th of February, 1887, that the costs of the case be taxed against the plaintiff, was erroneous.

4th. That the action of the Court granting the motion filed on the 31st of March, 1887, by the plaintiff to take out the amount of money paid into Court by the defendants, was erroneous.

5th. That the judgment upon the verdict in this case is erroneous.

6th. That the action of the Court overruling the motion filed on the 1st of April, 1887, to amend the judgment rendered in this case, was erroneous.

7th. That other errors in matters of law appear on the face of the record of this case.

The order allowing the writ was passed on the 20th of June, 1887, which order was not signed until that day, owing to the absence of the Judge.

The cause was argued before ALVEY, C. J., STONE, MILLER, and BRYAN, J.

*Robert C. Thackery* and *\*J. Wesley Falls*, for the plaintiffs in error.

*Albert Constable*, for the defendant in error.

MILLER, J., after stating the case, delivered the opinion of the Court.

The motion to dismiss the writ of error in this case is overruled. The judgment was rendered on the 1st of April, 1887. The petition for the writ was filed in due time, on the 11th of April, and the order of Court allowing it, was passed on the 30th of June following. The transcript of the record reached this Court on the 5th of September, within three months from the date of the order allowing the writ, and under Rule 2, relating to appeals as amended by rule 27, the time for transmission runs from the date of that order.

The third plea is in the form set out in 1 *Poe's Pl. & P.*, sec. 611, and is similar to that found in 2 *Chitty's Pl.*, (17*th Amer. Ed.*,) 471. It admits part of the plaintiff's claim with tender and payment into Court of such part, and denies the residue. It is in effect a plea of payment of money into Court, under secs. 19 and 20, Art. 75 of the Code, which is a species of tender. 1 *Poe's Pl. & Pr.*, sec. 695. These sections are substantially copied from the statute of 3rd

---

\*Mr. Falls, though present, did not take part in the argument of the case.

and 4th William IV, ch. 42, sec. 21, and the Rules as to costs thereby provided. Their object is to encourage the settlement of suits without the cost and delay of trial. They allow a defendant, except in certain actions, "to pay into Court a sum of money by way of compensation or amends," and such payment may set up by plea. The plaintiff then, after the money has thus been paid in, may reply by accepting the same "in full satisfaction and discharge of the action," and if he does this he may have his costs taxed, and if they be not immediately paid, he shall have judgment therefor ; *or* he may *reply* that the sum paid in "is not enough to satisfy the claim of the plaintiff in respect of the matter to which the plea is pleaded, and in the event of an issue thereon being found for the defendant, the defendant shall be entitled to his costs of suit *and the plaintiff to so much of the sum paid into Court as shall be found for him."* In the present case the plaintiff adopted the latter course. His replication follows the language of the statute, issue was joined upon it, and in view of this issue and the provisions of the statute, the question arises how is the sealed verdict to be interpreted ?

The concluding paragraph of the law as above quoted, plainly indicates that where the plaintiff replies that the money paid in is not enough to satisfy his claim, it is the duty of the Court to hold on to the money until the issue on that replication is decided, and then to pay over to the plaintiff only so much of it as the jury may find to be due him. It also indicates with equal clearness that upon such issue the jury may find either that the whole amount paid in or a less sum is due to the plaintiff, and whether their verdict be for the whole or a less sum, it is practically a verdict for the defendant, because the plaintiff has not succeeded in maintaining his replication. But the sealed verdict in this case is for the plaintiff generally for a specific sum without stating (as it ought to have done,) whether it was for the sum paid in or not, and it has been

earnestly contended by counsel for the defendant in error, that it is a verdict in favor of the plaintiff for damages *ultra* the amount paid in, and that such is its necessary construction and legal effect. In this view the Court below concurred and acted accordingly. They allowed the plaintiff to take out of Court the $160 paid in, and to recover another sum of $160 by giving judgment in his favor on the verdict. After a careful consideration of the question and of the able argument of counsel thereon, we are of opinion this was error. Ordinarily there is little difficulty in determining what a verdict means, and we are mindful of the rule that on writ of error every intendment must be made in support of the verdict. But in this case and under the issues joined on these pleadings, and the peculiar provisions of the statute, we think the true meaning of this verdict is that the jury found that the plaintiff was entitled to the sum paid into Court, *and no more.* It is for the *precise* sum so paid in, and this is a circumstance which has potent weight in determining its meaning and the intention of the jury in finding it. Again, the note as declared on in the first count of the declaration bore interest on its face from its date, and the jury were bound to allow such interest in making up their verdict if their intention was to give the plaintiff $160 in addition to what was paid in. But by no correct method of calculating interest up to the time the verdict was rendered, could this sum be made out as then due on this note over and above the amount paid in. Such then being in our opinion the true construction and legal effect of this verdict, it follows that the Court, after directing the money to be delivered to the plaintiff, should, under the statute, have entered judgment on the verdict for the defendants, and directed the costs of the suit to be taxed in their favor.

The question we have thus decided is plainly presented by the *third* and *fifth* assignments of error in the petition for the writ, and as this disposes of the case it dispenses with the

necessity of considering the other grounds of error set out in the petition for the writ.  We reverse the judgment and remand the case, in order that a judgment may be entered and the costs taxed as above stated.

> *Judgment reversed, and*
> *cause remanded.*

The record entries show that after the Court had overruled the defendants' motion to amend the judgment they prayed an *appeal* on the same day, which was the 1st of April, 1887.  This appeal has been docketed in this Court, but the motion to dismiss it must prevail as the transcript of the record was not transmitted to this Court within three months from the date of the appeal, according to the Rule on that subject.

> *Appeal dismissed.*

(Decided 15th December, 1887.)

Bryan, J., dissented.