JOHN J. GHINGHER, Receiver, *v.* WILLIAM T. O'CONNELL, Trustee.

[No. 19, October Term, 1933.]

268

*Decided July 6th, 1933.*

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William L. Marbury, Jr.,* for the appellant.

*Frank V. Moale,* submitting on brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

A certain Alan Percy Gunn created a trust by two deeds of date October 10th, 1913, and May 7th, 1921, respectively, and therein nominated a trustee. Upon application jurisdiction of the trust was duly assumed by the Circuit Court of Baltimore City, which, in course of the administration in chancery of the trust, appointed, on February 16th, 1922, the Title Guarantee & Trust Company the trustee in the

place and stead of the former trustee. The Title Guarantee & Trust Company served as trustee, and the trust continued to be administered in equity. On February 18th, 1933, the Title Guarantee & Trust Company was insolvent, and was then placed in the hands of the bank commissioner as receiver, in accordance with section 61 of article 11 of the Code of Public General Laws of Maryland. A certain William T. O'Connell was shortly thereafter appointed by the Circuit Court of Baltimore City a trustee in the place and stead of the then insolvent corporate trustee, which delivered to the new trustee all of the corpus of the trust with the exception of an item of $18.78, which was deposited to the credit of the retiring trustee in the interest paying savings department of the Title Guarantee & Trust Company; and of another item of $97, which was current income that, pending the accruing period of distribution, was deposited to the credit of the retiring trustee in the general banking department of the Title Guarantee & Trust Company. The retiring trustee was able to deliver to its successor the two bank books of deposit, which constituted the evidence of its contracts of deposit with the company, and to transfer its title and rights as trustee in the deposits to its successor in the trust; but this delivery and transfer the present trustee declined to accept because of the insolvency of the depositary, and filed in the cause wherein equity is administering the receivership of the Title Guarantee & Trust Company a petition to obtain a decree that the amount of each of the two deposits be forthwith paid by the receiver as a preferred claim by virtue of a statutory priority. The chancellor decreed that the incumbent trustee is entitled to a prior lien in the sum of the two deposits on all of the assets of the Title Guarantee & Trust Company to secure its payment in full or proportionately, accordingly as the funds in the hands of the receiver from the liquidation of these assets might be found sufficient or insufficient to discharge the petitioner's claim and all other claims of the same class. The correctness of this adjudication depends upon the meaning of sec-

tion 48 of article 11 of the Code, when read in connection with its allied sections.

By sections 46 of article 11 of the Code, relating to banks and trust companies, the powers possessed by a trust company when authorized to do business are enumerated, and in section 47 of the same article will be found the provision that: "Any court having jurisdiction to appoint a trustee, guardian, receiver or committee of the estate of a lunatic, idiot or habitual drunkard, or to make any fiduciary appointment, may appoint any such corporation to be such guardian, trustee, receiver or committee, or to act in any other fiduciary capacity." It is enacted by section 49 that: "Upon the appointment of such corporation as executor, administrator, guardian, trustee, receiver or committee, as provided by this article, no official oath shall be required from such corporation or trust company."

Section 48 is the remaining one which relates to another procedural subject-matter, and it prescribes: "48. No bond or other security shall be required from any trust company for or in respect to any trust to which it shall be appointed executor, administrator, guardian, trustee, receiver, committee or depositary by the order of any court. In all cases in which such trust companies, whether incorporated under this article or by special act, shall be appointed, or shall be acting, as executor, administrator, guardian, trustee, receiver, committee, or in any other fiduciary capacity, they shall be responsible for losses of moneys or property received or held by them in any such character in the same cases and to the same extent as individuals so acting would be. Upon the dissolution of any such company by the Legislature, court or otherwise, or in case of its insolvency, all debts or liabilities due or owing by such corporation in any of said fiduciary capacities, shall be preferred in the distribution of the assets of such company to all debts or liabilities of any nature whatsoever, including salaries and wages of employees and other preferred debts or liabilities. The court having jurisdiction may make orders respecting such trusts, and require the corporation to render all accounts which such court or officer

might lawfully require if such executor, administrator, guardian, trustee, receiver, committee or depositary were a natural person."

So it appears that section 46 confers upon a trust company the power to act as a fiduciary, and section 47 authorizes a court, in the exercise of its jurisdiction, to appoint the trust company a fiduciary, and sections 48 and 49 concern requirements relative to the qualifications of such a fiduciary after an appointment. None of the provisions cited has any application unless the trust company has been appointed a trustee or other fiduciary by virtue of the jurisdiction of the court. The test, therefore, of the application of the provisions of sections 48 and 49 is not the origin nor the nature of the trust, but whether or not the fiduciary has been duly appointed by the court. Thus, in the recent appeal of *Frederick Iron & Steel Co. v. Page,* 165 Md. 212, 166 A. 738, decided on June 21st, 1933, the distinction was enforced, and it was determined that the priority created by section 48 of article 11 of the Code did not apply, because the trustee was the one named and appointed by the settlor or creator of a voluntary or conventional trust and had not been appointed by an order of court. See *Frederick County v. Page,* 163 Md. 619, 635, 636, 164 A. 182.

No jurisdiction is clearer than that of equity over the construction, enforcement, and administration of trusts, and of these none shall be suffered to fail for want of trustee. *Pomeroy's Eq. Juris.* (4th Ed.), secs. 151-154, 988, 1007, 1026. The court, therefore, was clearly within its power and duty in appointing the trust company a trustee, and this appointment by the court brought the trust company within the letter and purpose of section 48 of article 11 of the Code.

Where the intention is so clearly and certainly expressed by the statute, the court is not concerned with the motives and designs of the legislators in passing the enactment, but is constrained to declare the law as it is written. There is certainly nothing insensible, unjust, or unreasonable in providing that security for the faithful administration of a trust shall be afforded in one class of fiduciaries by a bond and in

another class by a prior lien upon the assets of the several corporate fiduciaries.

The preference in the distribution, conferred by section 48 of article 11 of the Code under the conditions there prescribed, is for all debts or liabilities due or owing by such trust company in its fiduciary capacity. Since the decision in the case of *Real Estate Trust Co. v. Union Trust Co.*, 102 Md. 41, 61 A. 228, a corporate trustee engaged in a banking business may, under proper conditions, deposit with its banking house or department funds of the trust estate, and thereby create a new relation of debtor and creditor. *Hardy v. Chesapeake Bank*, 51 Md. 562. When, therefore, the corporate trustee made the small deposits with itself as a banking house, the relation of debtor and creditor arose between the trust company as banker and debtor in its banking capacity and as trustee and creditor in its fiduciary capacity. If the trustee had made the interest earning deposit of $18.78 of the principal because no other better or safer investment was reasonably procurable for this small amount, and if the current income was temporarily deposited with the trust company in its name as trustee to await its use in the payment of the usual expenses of administration and periodic disbursements to the *cestuis que trustent*, the trustee would not have been guilty of a breach of trust, but it would nevertheless be liable for any resulting loss through the insolvency of the depositary, because the deposits were each made in the trustee's banking house for the benefit and use of its banking business without the previous authority or subsequent sanction of the chancery court which had assumed jurisdiction of the trust. Under such circumstances, the corporate trustee must generally assume the risk of losses of deposits produced by its own insolvency. *Perry on Trusts* (7th Ed.), secs. 443-445, 463, 464.

The trustee has offered no testimony to afford any basis to relieve the responsibility incurred.

*The decree is affirmed, with costs.*

URNER and ADKINS, JJ., concur in the result.