MARY ELSIE MELVILLE, Executrix, *v.* GEORGE W. PAGE, Receiver.

[No. 58, October Term, 1933.]

*Decided January 11th, 1934.*

The cause was argued before BOND, C. J., PATTISON, AD-KINS, DIGGES, PARKE, and SLOAN, JJ.

*Theodore F. Brown,* with whom was *A. Earl Shipley* on the brief, for the appellant.

*John S. Newman,* submitting on brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

John C. Melville, late of Carroll County, died testate, and named his wife, Mary Elsie Melville, his executrix. The will was duly admitted to probate, and his executrix qualified and proceeded with the administration. The second codicil of the will contained the following provision: "It is my wish and desire that my two sisters, Mrs. L. T. Wood and Mrs. Mary Harden, be cared for, should they be then living, and that $10,000 out of my estate be placed on deposit with some good banking institution, each of them to receive the interest on $5,000, the principal to revert back to my estate (one-half at the death of each sister) as set forth in the foregoing will." The provisions referred to give, upon the death of each bene-ficiary for life, her $5,000 portion of this bequest to the wife of the testator for life and then in equal shares to the four sons of the testator.

On the application of the executrix, the Orphans' Court of Carroll County passed on October 29th, 1929, an order that the executrix should deposit with the Sykesville National Bank at the best rate of interest obtainable and in her name as executrix the sum of $10,000, and that one-half of the interest thereon would be payable to Elizabeth Taylor Wood (Mrs. L. T. Wood) during life, and the other half would be payable to Mary Harden during life, and the whole made subject to the further order of the Orphans' Court of Carroll

County. Mary Harden, one of the beneficiaries for life, died, and $5,000 was thereupon withdrawn and distributed under the testator's will, and the other $5,000 remained on deposit. The Sykesville National Bank became a branch or subsidiary of the Central Trust Company of Maryland, a banking and trust company whose principal place of business was Frederick, and the status of the depositary bank with reference to this fund was assumed by the Central Trust Company of Maryland, with which the deposit remained in its original form until the Central Trust Company became insolvent and its affairs passed into the hands of the Circuit Court for Frederick County, with the State Bank Commissioner of Maryland as receiver.

Elizabeth Taylor Wood, the beneficiary for life of the remaining $5,000, survives, and, on October 19th, 1932, Mary Elsie Melville, executrix of the will of John C. Melville, filed a petition in the equity cause in the Circuit Court for Frederick County, sitting as a court of equity, where the affairs of the Central Trust Company are being administered. The object of the petition is to secure a preference for this sum of $5,000 in the distribution of the assets of the company, upon the theory that the circumstances here related brought the depositary within the meaning of section 48 of article 11 of the Code.

This section has been recently construed in *Frederick County Commrs. v. Page,* 163 Md. 619, 164 A. 182; *Frederick Iron & Steel Co. v. Page,* 165 Md. 212, 166 A. 738; *Ghingher v. O'Connell, Trustee,* 165 Md. 267, 167 A. 184.

The decisions make it clear that the preference in the distribution of the assets of the company upon its insolvency or dissolution to all debts or liabilities of any nature whatsoever, including salaries and wages of employees and other preferred debts or liabilities, is granted only when the fiduciary has been duly appointed by a court. Passing the question presented by the fact that the order of the orphans' court, directing where the deposit should be made, applied to a national bank, and therefore to a banking institution not within the scope of section 48, and that no order of any

court later authorized the deposit in the Central Trust & Banking Company of Maryland, and confining the opinion to the problem as presented by the petitioner, the question for determination is whether or not the deposit made by the executrix, pursuant to the terms of testator's second codicil and the authorization of the orphans' court having jurisdiction of the testator's estate, would constitute a trust company a depositary within the terms of section 48. To know the meaning of section 48, it is necessary to read its terms in connection with two preceding sections. All these sections relate to trust companies, and section 46 enumerates the powers possessed by the trust company upon its incorporation. Among these is the capacity "to act under the order or appointment of any court of record as guardian, receiver or trustee of the estate of any minor or other person or corporation, and as the depositary of any moneys paid into court, whether for the benefit of any such minor or other person, corporation or party." And, among other things, the succeeding section 47 declares, in its last sentence, that: "Any court into which moneys may be paid by parties, or be brought by order of judgment, may, by order, direct the same to be deposited with any such corporation." Section 48 exempts the trust company from giving bond or other security for or in respect to any trust to which it shall be appointed executor, administrator, guardian, trustee, receiver, committee, or depositary by the order of any court. "In all cases," in the words of the section, "in which such trust companies, whether incorporated under this article or by special act, shall be appointed, or shall be acting, as executor, administrator, guardian, trustee, receiver, committee, or in any other fiduciary capacity, they shall be responsible for losses of moneys or property received or held by them in any such character in the same cases and to the same extent as individuals so acting would be. Upon the dissolution of any such company by the Legislature, court or otherwise, or in case of its insolvency, all debts or liabilities due or owing by such corporation in any of said fiduciary capacities, shall be preferred in the distribution of the assets of such company to all debts or lia-

bilities of any nature whatsoever, including salaries and wages of employees and other preferred debts or liabilities."

No contention is made that the Central Trust Company of Maryland was appointed as either trustee, receiver, guardian, committee, administrator, or executor by the order of any court, but the argument is that the trust company had been appointed as a depositary by the order of the orphans' court. The argument, however, ignores the statutory definition of a depositary, and the relation of the executrix of the will to the fund involved.

The terms of these sections are plain that, to constitute a trust company a depositary within the meaning of the statute, it is indispensable that the money be paid into court either as the voluntary act of parties "or be brought by order of judgment," and that, when so paid, the court pass an order directing that the money be deposited with a trust company. The payment of money into court is a familiar practice at law and in equity. In all actions, except for assault and battery, false imprisonment, libel, slander, malicious arrest or prosecution, criminal conversation, or debauching of the plaintiff's daughter or servant, the defendant, or any one or more of several defendants, may pay into court a sum of money by way of compensation or amends. The mode by which this is done in practice is by a plea of payment into court. 1 *Poe, Pl. & Pr.*, sec. 652; Code, art. 75, secs. 24, 25; *Gamble v. Senlman,* 68 Md. 71, 11 A. 584; *Palatine Ins. Co. v. O'Brien,* 107 Md. 352, 68 A. 484; *Id.,* 109 Md. 111, 71 A. 775; *Crook v. Life Ins. Co.,* 112 Md. 272, 75 A. 388. Again, a sheriff may be ordered by the *nisi prius* court to bring the money into court that he has received upon an execution. *Sanderson v. Alcock,* 9 G. & J. 164, 166. So, in a bill of interpleader, the money due by the plaintiff must be paid into court; and, under proper circumstances, trustees, guardians, executors, and other parties are allowed or by decree or judgment ordered to bring into court the money in their hands or for which they are chargeable. *Falconer v. Regelier,* 6 Md. 552; *Porter v. Timanus,* 12 Md. 283, 293, 294; Code, art. 16, sec. 249.

Thus, generally, the payment of money into court is for the purpose of avoiding litigation, interest, and costs; or of ascertaining the ownership or proper distribution of the fund; or, most usually, of securing and preserving property in dispute pending litigation. *Daniel's Chancery Pl. & Pr.* (6th Am. Ed.), *1770, *et seq.; Miller's Eq. Proc.*, secs. 724, 515, 313, 229, 230; *Chase v. Manhardt,* 1 Bland, 333, 343; *Wells v. Roloson,* 1 Bland, 456, note; *Smith v. Anderson,* 18 Md. 520, 528; *Wayman v. Stockett,* 4 Md. Ch. 495, 496; *Diffenbach v. New York Life Ins. Co.,* 61 Md. 370, 377. Money, therefore, may not be paid into court unless under such circumstances as give the court power to receive it, but, when the money is rightly paid into court, its custody, control, and ultimate disposition is in the court in the matter pending over which the court has jurisdiction. Such money, therefore, is what the court may by order direct its proper fiscal official to deposit with a trust company within the meaning of sections 46, 47, and 48 of article 11.

In the instant case the court did not order the funds in the hands of the executrix to be paid into court, nor did the court ever receive the fund into its custody, so, the money having neither been paid into court by the executrix nor brought in by force of the court's order, the conditions were not fulfilled to enable the court to direct its officer to deposit the money with any trust company within the meaning of the sections under consideration. Nor can the order directing the deposit to be made by the executor in the designated bank be interpreted to be other than an order which, on the application of the executrix, gave the court's sanction and approval to the selection of the designated bank as a good banking institution with which the fund could be placed on deposit. As soon as the due course of the administration of her testator's estate permitted, it became the duty of the executrix to place the sum of $10,000 on deposit, at interest, with some good banking institution. The executrix was the actor and fiduciary, and charged as such with the selection and nomination of the good banking institution. The legal title to the money was in the executrix, and so remained until

the final distribution under the will and codicils. The right of possession of the corpus of the trust did not pass to the beneficiaries, who were each entitled to the interest accruing on her $5,000 portion during life, but remained with the executrix, whose continuing duty it was to see that the fund be kept in a good banking institution by any requisite change in the place of deposit, and that the interest be paid to each beneficiary. Upon the death of a beneficiary, the trust ceased as to the principal amount of $5,000, and the corpus of $5,000 passed under the terms of the testator's will and codicils in a distribution to be made by the executrix.

The testator provided that the beneficaries should not themselves receive the legacy of money, and imposed upon the executrix active and continuing duties in respect to its investment and distribution, and so it became the duty of the executrix to deposit, under the direction of the orphans' court or a court of equity, the money according to the testamentary provisions. *Bagby's Executors and Administrators* (2nd Ed.), sec. 67; Code, art. 93, sec. 10; *Smith v. Michael,* 113 Md. 10, 77 A. 282; *Lawson v. Burgee,* 131 Md. 436, 103 A. 516; *Stale v. Brown,* 64 Md. 97, 1 A. 410.

No matter how approached, the facts of this record are conclusive that the deposit here under consideration was not the deposit of money paid into court within the meaning of sections 46, 47, and 48 of article 11 of the Code, and the decree must be affirmed.

*Decree affirmed, with costs to the appellees.*