(Decided April 1st, 1861.)

---

# JACOB WAGAMAN *vs.* GEORGE R. BYERS.

In an action of slander, where the words spoken consist in charging the plaintiff with *adultery*, they are not sufficient, *per se*, to maintain the action, because, by the law of this State, the *penalty* for adultery is a *pecuniary fine.*

Where the penalty for an offence is merely pecuniary, an action for charging it will not lie, even though, in default of payment, imprisonment shall be prescribed by statute, the latter not being the primary and immediate punishment for the offence.

Wagaman *vs.* Byers.

The right of the defendant to obtain an instruction from the court to the jury, that the words spoken, as charged *in the declaration*, are not, *per se*, sufficient to maintain the action, is well established.

APPEAL from the Circuit Court for Washington county.

*Action* for *slander*, brought on the 22nd of May 1858, by the appellant against the appellee.

The declaration in various counts charges that the defendant spoke of the plaintiff, who was a married man, the following words:—"He was with that black woman, and got the pox from her; it was the pox; he got the disease from that nigger, and gave it to his wife; it was the talk all through the neighborhood, that Jake" (meaning the plaintiff) "got the disease and gave it to his wife; it happened on the camp-ground;" meaning thereby that the plaintiff had unlawful sexual intercourse with a negro woman, and was guilty of the crime of adultery.

The defendant pleaded that he did not commit the wrongs alleged.

*Exception.* After the testimony was all given to the jury, and the case standing ready for argument before the jury, the defendant asked the court to instruct the jury that the several words complained of, in the mode and manner set forth in the plaintiff's declaration, are not, if proved to have been spoken as alleged, sufficient, *per se*, to maintain this action, and therefore the verdict must be for the defendant.

This instruction the court (PERRY, J.) granted, and to this ruling the plaintiff excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., TUCK, BARTOL and GOLDSBOROUGH, J.

*D. H. Wiles,* for the appellant:

1st. The words are, *per se,* actionable.   What words are actionable, depends more upon general principle than adjudged cases.   "Twisden, an eminent judge, has said, according to Lord Holt, he knew no rule to go by in an action

Wagaman *vs.* Byers.

for words, and Gould, J., says that Lord Holt had said the same thing, adding that *all words stand on a different bottom.* Holt said it was not worth while to be very learned on this point, but when *words tend to slander a man, and take away his reputation, he shall be for supporting actions for them,* because it tends to preserve the peace. He speaks of contra-·dictory decisions, and says *he will stick to the latter authori-ties, they being grounded on so much reason."* *Starkie on Slander,* 15, 16, 17. 2 *Pick.,* 320, *Bloss vs. Tobey.* 13 *Mass.,* 251, *Chaddock vs. Briggs.* Perhaps the safest rule, as collected from the adjudged cases in this country, is, "In case the charge, if true, will subject the party charged to an indictment for a crime involving *moral turpitude,"* the words are actionable. Adultery with a negress, contracting a vene-real disease, and communicating the same to his wife, involves *moral turpitude.* 13 *Johns.,* 275, *Martin vs. Stillwell.* 3 *Sergt. & Rawle,* 261, *Andres vs. Koppenheafer.* Adultery was made a crime in this State, and punishable by the Act of 1715, ch. 27. See, also, 8 *Pick.,* 384, *Miller vs. Parish.* 10 *Sergt. & Rawle,* 18, *Todd vs. Rough.*

2nd. The court ought to have submitted the fact to the jury whether or not the defendant meant, by the words used, to say that the plaintiff had a venereal disease at the time of uttering them, which is actionable. *Comyns' Dig., Title Defamation D,* 29. 49 *Eng. C. L. Rep.,* 334, *Bloodworth vs. Gray.* 7 *Sergt. & Rawle,* 454, *Walton vs. Singleton.* 4 *Wend.,* 320, *Gibson vs. Williams.* 2 *Bl. Rep.,* 961, *Old-ham vs. Peake.* No colloquium or innuendo is required under our present system of pleading. Act of 1856, ch. 112, sec. 73. Even under the old system it was unnecessary when the words conveyed a slanderous meaning, and the rule is that the words are to be taken in their worst sense. 12 *Wend.,* 49, *Cook vs. Bostwick.* *Starkie on Slander,* 78.

3rd. But the defendant ought either to have demurred to the declaration, or have taken the verdict of the jury and then made a motion in arrest of judgment. He ought not to have been allowed to go on and hear all the evidence and then say that the declaration was insufficient. 2 *H. & J.,*

24      v.17

247, *Chaplin vs. Cruikshanks.* 8 *Gill,* 461, *Dorsey vs. Whipps.*

*R. H. Alvey,* for the appellee:

1st. The right of the court to instruct the jury upon the sufficiency of the declaration in the cause, at the trial, is fully established by repeated decisions of this court. 3 *G. & J.,* 377, *Turner vs. Walker.* 4 *G. & J.,* 467, *Berry vs. Harper.* 7 *Md. Rep.,* 199, *Burgess vs. Lloyd.* 4 *Gill,* 406, *Stockton vs. Frey.*

2nd. It is not for imputing to the plaintiff the having of a contagious disorder that the declaration complains. He neither alleges the character of the disease, nor that it is contagious and such as likely to exclude him from society, all of which must be explained on the face of the declaration, by proper innuendoes and averments. The Act of 1856, ch. 112, still requires that the declaration must state the *defamatory sense* in which the words were used. The words must be laid as having been spoken in the present tense, for unless they *impute a continuance of the disorder at the time of speaking them,* the gist of the action fails. 2 *Term Rep.,* 473, 475, *Carslake vs. Mapledoram.* The words, as laid in this declaration, are all in the past tense, and obviously relate to things of the past.

3rd. The gist of this action is for imputing to the plaintiff the commission of adultery, and the question is, can an action be maintained for such imputation? I maintain it cannot. The common law takes no cognizance of the crime of adultery, and in England, the party guilty of its commission is only liable to ecclesiastical censure. In this State, the only law making it a crime, and authorizing its punishment, is the Act of 1715, ch. 27, sec. 3. The punishment, as prescribed by the Act, is a pecuniary fine of three pounds, current money, or twelve hundred pounds of tobacco. The general rule deduced from the cases in 1 *Starkie on Slander,* 42, 43, and which has been pretty generally followed, is: "that to impute any crime or misdemeanor for which corporal punishment may be inflicted in a temporal court, is action-

able," and "where the penalty for an offence is merely pecuniary, it does not appear that an action will lie for charging it, even though, in default of payment, imprisonment should be prescribed by statute, imprisonment not being the primary and immediate punishment for the offence." This rule has been extensively adopted in this country, though in some of the States it has been departed from. In this State it has been fully adopted in the case of *Dorsey vs. Whipps*, 8 *Gill*, 462, where the rule is quoted, and the case disposed of according to it. There the charge was that the plaintiff had been guilty of dealing with negro slaves, which was an offence under the Act of 1715, ch. 44. But the very question now under consideration has been adjudicated in this State by the case of *Stanfield vs. Boyer*, 6 *H. & J.*, 248. There the charge was of an unmarried woman, that she had been guilty of fornication; and the court decided that the action would not lie. Fornication, by the law of this State, (Act of 1781, ch. 13,) is punished criminally equally with adultery, as decided in the cases of *Oldham vs. The State*, 5 *Gill*, 90; and *Owens vs. The State*, 10 *Md. Rep.*, 164.

GOLDSBOROUGH, J., delivered the opinion of this court:

This was an action for slander, instituted in the circuit court for Washington county, by the appellant against the appellee.

The alleged slander consisted in charging the appellant with adultery.

After the evidence had been submitted to the jury, the appellee's counsel prayed the court to instruct the jury that the charge, if proved as alleged, is not sufficient, *per se*, to maintain the action. Which instruction the court gave, and as the case is before us upon the ruling of the court, we must pronounce the instruction correct. It was contended by the appellant's counsel that adultery was made a crime by the Act of 1715, ch. 27. But, by that Act, the penalty was a pecuniary fine.

In *Stanfield vs. Boyer*, 6 *H. & J.*, 248, where an unmarried woman was charged with fornication, which, under the

Act of 1781, ch. 13, is criminally punished, this court decided that the action would not lie. The law, in this respect, was changed by the Act of 1838, ch. 114. And *Starkie*, in his work on *Slander, vol.* 1, *page* 43, says: "that where the penalty for an offence is merely pecuniary, it does not appear that an action will lie for charging it; even though, in default of payment, imprisonment shall be prescribed by statute, imprisonment not being the primary and immediate punishment for the offence." It was further urged that the appellee ought to have demurred to the declaration, or have taken the verdict of the jury, and then made a motion in arrest of judgment.

The right to obtain an instruction from the court upon the sufficiency of the declaration, as was done in this case, is so well established that we need only refer to the case of *Berry vs. Harper*, 4 *G. & J.*, 470, and the authorities there cited.

*Judgment affirmed.*

(Decided May 28th, 1861.)