(Decided 8th March, 1878.)

E. TALBOT SHAFER *vs.* JOHN D. AHALT and JEANNETTE A. AHALT, his Wife.

*Action of Slander by Husband and Wife for charging the Wife with Adultery—What is necessary to render Words actionable per se—To charge one with Adultery not actionable per se—What is special damage in such cases—What is not special damage.*

In suits for slander, pecuniary loss to the plaintiff is the *gist* of the action, and Courts at an early day recognized a distinction between words *actionable,* and words *not actionable in themselves.* In the former, the law *presumes* pecuniary loss, whilst in the latter it is necessary to prove special damage to the plaintiff.

When one charges another with the commission of an offence, it must be such an offence as subjects the party to *corporal punishment,* in order to render the words actionable *per se.*

The crime of adultery is not so punishable, and hence to charge one with adultery is not actionable *per se,* and the plaintiff must prove special damage.

Special damage in such cases is that which is naturally the consequence of the words spoken, and not such as is occasional and accidental.

Sickness of the person slandered, resulting from the slanderous charge, is not sufficient to prove special damage.

APPEAL from the Circuit Court for Frederick County.

This was an action of slander instituted by the appellees against the appellant, for words spoken, concerning the appellee Jeannette, wife of the appellee John D. Ahalt, alleging that she had committed adultery with the defendant. The declaration alleged that in consequence of the slanderous charge, the plaintiff Jeannette had become sad and dejected in mind and enfeebled and languid in body, for a long space of time, during which time she suffered and underwent great pain and anguish, and was hindered and prevented from transacting her necessary affairs and business; and the plaintiffs were compelled to employ servants, nurses and physicians, at great pecuniary expense. After the evidence tending to prove these allegations had been given and the case closed, the defendant prayed the Court to instruct the jury "That under the pleadings and evidence, the several words complained of in the mode and manner set forth in the plaintiffs' declaration, are not, if proved to have been spoken as alleged, sufficient *per se* to maintain this action, and the plaintiffs have offered no evidence of any special damage to the plaintiffs, and the verdict of the jury must be for the defendant."

This instruction, the Court (BOUIC, J.,) refused to give and the defendant excepted. The jury rendered a verdict for the plaintiffs for $1500, and judgment was entered thereon  The defendant appealed.

The cause was submitted to BARTOL, C. J., BOWIE, MILLER, ALVEY and ROBINSON, J.

*Charles W. Ross*, for the appellant.

No appearance for the appellees.

Shafer *vs.* Ahalt and Wife.

ROBINSON, J., delivered the opinion of the Court.

In suits for slander, pecuniary loss to the plaintiff is the *gist of the action.* Whether it was necessary at first, to *prove* in all cases such pecuniary loss, it is not now necessary to inquire. The Courts at an early time, recognized a distinction between words *actionable,* and *words not actionable in themselves.* In the former, the law presumed. pecuniary loss, while in the latter, it was necessary in addition to the words, to prove *special damage* to the plaintiff. Whatever difficulty there may be in defining the precise line of demarcation between these actions, it is well settled, that where one charges another with the commission of an offence, it must be such an offence as subjects the *party to corporal punishment,* in order to render the words actionable *per se.*

Now, adultery was a *spiritual offence* cognizable by the *Spiritual Courts,* and the punishment was confined to the infliction of penance, "*pro salute animæ.*" And hence it was held, that to charge one with adultery, was not actionable *per se,* and in order to maintain the action, the plaintiff must prove special damage. In this State, adultery is punishable by a *pecuniary fine,* and to charge one with the commission of the offence is not therefore actionable *per se.*

This is a suit by the husband and wife to recover damages of the defendant for charging the plaintiff's wife with adultery, and the question is, whether the sickness of the wife resulting from this slanderous charge is sufficient to prove special damage. In cases of this kind special damage is that which is naturally the consequence of the words spoken. *Allsop and Wife vs. Allsop,* 2 *Law Times Rep., N. S.,* 290. Now it cannot be said that sickness is the *natural consequence* of defamatory or slanderous words. Such might or might not be the result, depending in a great measure upon the sensibilities and temperament of the person.

The rule of law in regard to special damage was adopted with reference to common and usual effects and not such as are occasional and accidental.

And hence in *Allsop and Wife vs. Allsop*, above referred to, the defendant said that the plaintiff's wife had committed adultery with him, and the declaration alleged that in consequence of said charge, the wife became and was ill for a long time and unable to attend to her business, and the plaintiff was put to and incurred much expense in and about the endeavoring to cure her of her illness, and it was held upon demurrer, that the declaration disclosed no cause of action.

POLLOCK, C. B. said: "I can find no authority nor has any been cited in the history of the law of this country, for any such special damage as that stated in this case, being made the ground of an action, or to make actionable that which otherwise would not be so. The important distinction in this case, although not the only one, is, that the mischief done depends entirely on the temperament of the individual affected by the words spoken, whether any damage would result or not."

MARTIN, B.—"The special damage is that which is naturally the consequence of the act done, and the peculiar temperament of the party injured would be a bad standard by which to estimate damage."

BRAMWELL, B. and WILDE, B. were of the same opinion.

See also, *Terwilliger vs. Wands*, 17 *N. Y. Rep.*, 54, and *Wilson vs. Goit, Ibid.*, 442, where the question was considered and decided as in *Allsop vs. Allsop*.

The Court below, therefore, erred in refusing the instruction offered by the defendant, and the judgment will be reversed and new trial awarded.

*Judgment reversed, and*
*new trial awarded.*

(Decided March 8th, 1878.)