# WILLIAM H. STINSON *vs.* THE ELLICOTT CITY AND CLARKSVILLE COMPANY.

*Appeal from Order Overruling Demurrer to Bill Without Payment of Costs—Bill for Injunction Against Interference with Land Not Showing Nature of Plaintiff's Interest in the Land—Demurrer.*

A defendant may appeal from an order overruling his demurrer to a bill of complaint, although it does not affirmatively ap-

pear that he has paid the ten dollars and costs, in compliance with Code, Art. 16, Sec. 154, which provides that a party whose demurrer is overruled shall pay to the opposite party the sum of ten dollars and costs.

A bill of complaint by a turnpike company alleged that they had obtained by grant from one C., now deceased, then the owner of land now owned by the defendant, the right to construct its road on his land, and that the defendant had built a fence on the road which lessened its width, and was about to build another fence. The bill prayed for an injunction. and for the removal of the fence already erected, and for general relief. No deed or other exhibit was filed therewith. *Held,* that a demurrer to the bill should be sustained since it fails to show how the plaintiff company acquired its rights in the land, or what the extent of such rights were, or whether the alleged grant from the former owner of the land was binding on the defendant.

*Decided December 4, 1908.*

Appeal from the Circuit Court for Howard County (Forsythe, J).

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke, Thomas. and Worthington, JJ.

*Edward M. Hammond,* for the appellant.

*James Clark* and *Joseph L. Donovan,* for the appellee.

Boyd, C. J., delivered the opinion of the Court.

This is an appeal from an order overruling a demurrer to a bill of complaint, filled by the appellee against the appellant. The bill alleges that the plaintiff under ·its charter constructed a turnpike road leading from Ellicott City to Clarksville, in Howard County, "and that by virtue of a grant from the late John R. Clarke, who was then the owner of the property hereinafter referred to and which is now

owned by William H. Stinson as hereinafter referred to, your complainant was granted the right to go upon the property and build through and upon said property the pike hereinbefore referred to, and that they have exercised the said right and privilege for the past thirty years or more." It then alleges that while the roadway was in peaceful possession of the complainant, and it was enjoying the privileges granted by its charter "and by the grant from the said John R. Clarke," the defendant, who owned and resided upon the farm binding upon said turnpike, without the consent of the plaintiff, and against its protest, with his servants and employees entered upon the turnpike and dug a large number of holes in it, placed posts in said holes from four to five feet in height and built a fence commonly called a "post and rail fence," and is about to buiild more fence of a like character upon the pike. It further charges that the fence will greatly lessen the width of the pike, will endanger lives and property of persons having occasion to use it, will prevent the cleaning of the drains and ditches in connection with the pike and will subject the complainant to great loss and injury. It also charges that the fence is so constructed that the Citizens Telephone Company has been compelled to place its poles outside of the fence and in the roadway, which greatly adds to the danger of all persons using the pike, but it does not state how that company acquired the right to so place its poles. The bill prays for a writ of injunction, enjoining and prohibiting the defendant from digging holes in and upon the pike, and planting posts therein, from constructing the fence and commanding him to remove the fencing already constructed by him on the pike. There is also a prayer for general relief. A copy of the charter of the plaintiff was filed with the bill, but no deed or other exhibit.

A motion to dismiss the appeal was made on the ground that the appellant had not paid the ten dollars and costs referred to in Section 154 of Article 16 of the Code. That section provides that the party whose demurrer is overruled or withdrawn, without leave of Court, "shall pay to the op-

posite party the sum of ten dollars, and the costs thereof, and be in contempt until the said sum of money and costs are fully paid, unless the Court shall otherwise specially order." The appellee relied on *Gilbert* v. *Arnold,* 30 Md. 29, to sustain its motion. In that case the Court had announced its determination to overrule a demurrer which had been filed, and to grant an injunction prayed for, and had prepared an order to that effect which was not filed at the time "at the request of and in courtesy to the solicitors for the defendants," who desired time to examine into their right to withdraw the demurrer and file their answer, after the opinion had been announced and the order signed. They then, without leave of the Court, filed an order with the Clerk withdrawing the demurrer and filed their answer. On the same day the order of the court overruling the demurrer and granting the injunction was placed on file. This Court held that as the defendants were in contempt, for the non-payment of the fine and costs, they had no right to file their answer and the Court below was justified in acting upon the bill and exhibits without considering the answer, but as it appeared that the fine and costs were paid before the appeal was taken, the answer would be considered "in so far as to entitle the defendants to the right of appeal from the order granting the writ of injunction." That had reference to the statute, now Section 27 of Article 5 of the Code, which required the answer of the party appealing from an order granting an injunction to be first filed. It is manifest that that decision does not sustain the motion to dismiss this appeal. The question involved was the right to file an answer, without leave of the Court, after withdrawing a demurrer without first obtaining leave to do so. Such action of the defendants put them in contempt by the terms of the statute, and they had no right to file their answer without obtaining leave of the Court—at least until they purged themselves of the contempt by paying the ten dollars and costs. No such question could have arisen in this case as the Court below expressly granted leave for the defendant to file an answer, and, unless

it was satisfied that the demurrer was intended for vexation and delay, the Court was directed by Section 153 of Article 16 to require the defendant to file an answer.

But beyond all that, the very question involved in this appeal is whether the Court below rightfully overruled the demurrer—the result of which action, if sustained, not only required the defendant to answer, but subjected it to the payment of the fine and costs. That a defendant may appeal from an order overruling a demurrer to a bill of complaint is settled by *Chappell* v. *Funk,* 57 Md. 465, *Hyattsville* v. *Smith,* 105 Md. 321, and other cases in this State, and it has never been thought necessary for this Court to inquire whether the ten dollars and costs were paid before entertaining the appeal, which would be proper, if not necessary, if the right of appeal depended upon the payment of them. Such a rule would require a defendant to do, in part, what he is asking this Court to determine whether the Court below rightfully required him to do. The motion to dismiss seems to assume that if a bond had been given to stay the operation of the order the motion could not have prevailed, as it alleges that no such bond had been given, but a bond is only given to stay the operation of an order or decree, and the question whether the ten dollars and costs can be collected, pending this appeal, is not involved in this case but merely whether the appeal will lie. As we have no doubt as to the latter, the motion to dismiss the appeal will be overruled, without relying on the fact that there is nothing in this record to show that the fine and costs have not been paid.

Without deeming it necessary to enter into a discussion of the question as to how a right of way can be acquired by such a corporation as the appellee, or whether a grant must be in writing and executed as provided by Article 21 of the Code, as the appellant has done in his brief, it would seem to be clear that we must either construe the language of the bill to mean that the grant was acquired by deed or some instrument in writing, or we must hold that the bill failed to inform the Court how it was acquired. It certainly does

not give any definite information as to *what* was acquired, for it might be, so far as the bill discloses, either a narrow or a wide strip of land, and in either event some part of the land that was not in fact acquired. As is said in *Miller's Eq. Proc.* 687: "The general rule that every bill in equity must contain a clear statement of the facts upon which the plaintiff relies for relief is applied with much rigor to a bill for an injunction," and it was impossible for the defendant to ascertain from this bill what the plaintiff's rights in the property were, or were claimed to be. If we assume that it meant to allege that the plaintiff claimed under a deed or other writing from John R. Clarke, then a copy, or the original, should have been filed, or some sufficient reason for its non-production given. *Hankey* v. *Abrahams,* 28 Md. 588; *Miller* v. *Balto. Co. Marble Company,* 52 Md. 642; *Balto.* v. *Coates,* 85 Md. 531. That such omission is ground for demurrer is decided in *Miller* v. *Marble Co., supra,* where it is said that the defect is not waived by the demurrer, for it "admits only the truth of the facts stated in the bill, so far as they are relevant and well pleaded."

If, on the other hand, the plaintiff does not rely on a deed or a contract in writing, the bill should state how it did acquire the rights sought to be protected, and what they were, for even if it be true that the plaintiff had acquired a right of way over this land from Clarke, there may still be some question whether it so acquired it as to be binding on the defendant, or whether it acquired such a width as to authorize a Court of equity to grant an injunction against the defendant from constructing the fence complained of or compelling him to remove that already constructed. When a party seeks the aid of a Court, by writ of injunction, his right to it ought not to be left in doubt by the allegations of the bill, and the defendant ought not to be required to guess what the plaintiff does rely on. The bill should be more specific on that important subject than this one is.

As under the allegations of the bill no relief could be

granted other than that of an injunction, if the defect above pointed out did not exist, the prayer for general relief can be of no avail, and for the reasons we have given the demurrer ought to have been sustained. We will remand the case so that the lower Court can grant leave to amend the bill, if desired by the plaintiff.

> *Order reversed and cause remanded, the appellee to pay the costs above and below.*