## EUGENE L. DIDIER ET AL. *vs.* ELEANOR L. MERRYMAN.

*Injunction to Restrain Interference With Drain Pipe—Possession and Use of Drain Sufficient Without Proof of Title Against Trespasser—Right of Defendant to File Answer When Demurrer Overruled.*

A party in possession of land and of drain pipes used in connection therewith is entitled to an injunction restraining a trespasser from interfering with the drain or making use of it. In such case it is not necessary that the plaintiff's title to the land should be fully stated in the bill, nor that evidence of the title should be filed as an exhibit. Nor is it necessary for the plaintiff to allege that he was the owner of the drain.

If his right to it is only an easement, it is entitled to protection.

Plaintiff's bill alleged that she had been in possession of a certain house and lot for a long time and had used in connection with it a drain pipe, running down the middle of an alley in the rear of the lot, for the purpose of carrying off sewage and water; that the drain had been built for the exclusive use of plaintiff's house and certain adjoining properties; that it was insufficient in size for this purpose and had frequently become choked so that the water and refuse from it was backed up on plaintiff's lot, which was lower in grade than the other houses using the drain, with one exception; that the defendant was the owner of a house on the opposite side of said alley and, without any right so to do, had made a connection with said drain pipe and discharged into it water from his house; that this wrongful act exposed plaintiff to an increased danger of overflow from the drain. The bill asked for an injunction. *Held*, that a demurrer to the bill was properly overruled and that the plaintiff is entitled to the relief asked for, since injury from defendant's wrongful act may reasonably be anticipated, and an action at law would not afford an adequate remedy.

When a demurrer to a bill asking for an injunction is overruled, the Court should not at once issue the writ in final and absolute terms, but should afford the defendant an opportunity to file an answer.

*Decided January 10th, 1911.*

Appeal from Circuit Court No. 2 of Baltimore City (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*R. Contee Rose,* for the appellants.

*Joseph P. Merryman* (with whom was *W. T. Roberts* on the brief), for the appellee.

URNER, J., delivered the opinion of the Court.

The appeal in this case is from a decree of Circuit Court No. 2 of Baltimore City overruling a demurrer to a bill for mandatory injunction and granting the writ as prayed.

It is alleged in the bill of complaint that the plaintiff is a tenant for life in possession of the lands and improvements known as 203 East Lafayette avenue, in the City of Baltimore, and that such tenancy has existed for more than twenty-five years; that connected with the premises and appurtenant thereto is a drainpipe carrying off the refuse from the well in the yard and the toilet in the house; that this drain was constructed at great cost for the use of the premises in question in the year 1882; that when originally constructed the drain was also for the benefit of the contiguous properties known as 201, 205 and 207 East Lafayette avenue; that subsequently permission was granted the owner of Nos. 209 and 211 on the same avenue to connect the drain with his premises; that at various times the drain has become choked and the waste material from the premises Nos. 205, 207, 209 and 211, instead of passing down the drain to the public sewer, have backed on the premises of the plaintiff to the injury of her property and the detriment of the health of herself and her family, obliging her to vacate her home for a time; that the relative position and grade of the plaintiff's ground is several feet lower than the other lots, except No. 201, and that consequently, when the drain is choked the plaintiff's lot becomes a reservoir for the sewage flowing from the premises Nos. 205, 207, 209 and 211; that this has occurred on three several occasions, and that the plaintiff, upon demand of the City authorities, as well as for the protection of her health and property, has been compelled to abate the nuisance at her own expense and to call upon the adjacent proprietors contributing to the overflow of the

drainage for their due proportion of the expense of the abatement, and that she has received such reimbursement except in the case of one of the overflows, in reference to which suits against two of the adjoining owners are now pending.

The bill then proceeds to charge in effect that in the preceding August the defendants purchased the premises No. 1721 North Calvert street, situated in the rear of the lots above mentioned and bordering on an alley through which the drainpipe referred to is laid (the location of the several properties and of the drain being shown on a plat filed with the bill); that the defendants, without any lawful right and intending to invade and trespass on the property of the plaintiff, have connected the pipes on their premises with the drain and are passing into it the flow from the toilets, sinks and baths in their apartment house accommodating five families; that the drainpipe as originally constructed was intended to drain only the refuse from wells on the various lots first mentioned, the flow from the sinks and baths on the premises having a surface drainage; but that the owner of lots Nos. 209 and 211, upon being given permission to connect his wells with the drain, closed the wells and has since discharged into it all the drainage from his premises; and that the addition of the sewage from the property of the defendants increases the danger from an overflow on the plaintiff's premises and makes her liable to greater burden and expense from stoppage in the drain which may occur at any time.

The demurrer, while admitting these allegations, questions their sufficiency to entitle the plaintiff to an injunction, for which she prayed, prohibiting and restraining the defendants from using the drain and requiring them to remove their connections.

It is contended, first, that the averments are deficient in not stating the origin and character of the plaintiff's title to the property affected by the defendants' alleged trespass; and it is insisted that if her title is a matter of written or

record evidence an exhibit of the instrument under which it was acquired should have accompanied the bill.

The assertion of title was not necessary to the plaintiff's case. It is alleged, and admitted by the demurrer, that she is in possession of the premises exposed to the nuisance which is threatened by the defendants' wrongful acts, and that she is in the actual use of the drain with which they have unwarrantably interfered. If her right to the relief sought could be held to be dependent upon her title, there would be no question as to the necessity for clear and certain allegations as to that essential fact and for the production, if procurable, of an appropriate exhibit. But a bare possessor of property is entitled to be protected against a mere trespasser without reference to the question of title. This principle has been repeatedly applied in actions of trespass at law; *Tyson* v. *Shuey,* 5 Md. 540; *Wilson* v. *Hinsley,* 13 Md. 64; *New Windsor* v. *Stocksdale,* 95 Md. 196; *Carter* v. *Md. & Pa. R. Co.,* 112 Md. 599; *Stanton* v. *Lapp,* 113 Md. 324; and it is equally applicable to suits in equity where the conditions are such in other respects as to justify the granting of equitable relief. 28 *Am. & Eng. Encyc. Law,* 2nd Ed., 595, 573; 2 *Waterman on Trespass,* 346, 576.

The rule in reference to the filing of exhibits in proceedings of this nature is that "where the right to an injunction is based upon a written instrument in the possession of the complainant, or to which he has ready access, the instrument itself, or a copy, ought to be filed with the bill, in order that the Court may see whether the complainant is entitled to the relief prayed." *Baltimore* v. *Keyser,* 72 Md. 115; *Gottschalk* v. *Stein,* 69 Md. 51; *Nagengast* v. *Alz,* 93 Md. 525. But where such a necessity is not present the production of exhibits is not required. *Webb* v. *Ridgely,* 38 Md. 369.

In the case now under consideration the reason for the rule stated does not exist, because the plaintiff's equity does

not depend upon any documentary or other evidence of title
or ownership but is fully supported by the fact of her pos-
session of the premises and appurtenant drain in reference
to which the trespass charged against the defendants is al-
leged to have been committed.

The case of *Stinson* v. *Ellicott City & Clarksville Turn-
pike Co.,* 109 Md. 111, specially relied upon by the appel-
lants in this connection, involved a question of title, and the
plaintiff relied in her bill upon a grant which was not au-
thenticated by an exhibit. In that situation the rule was
plainly enforceable; but in the present case we find no ground
upon which it can be invoked.

It is urged that the bill of complaint does not clearly show
the nature of the plaintiff's interest in the drain affected by
the trespass, as to whether it amounts to ownership or merely
to a right of user. This distinction, under the circumstances,
is entirely immaterial. The plaintiff has alleged her posses-
sion of the premises to which the drain is appurtenant and
her actual user of the drain for many years, and that the de-
fendants without lawful right, but wilfully intending to
trespass on the property of the plaintiff, have made the con-
nection described in the bill. The possession thus alleged,
and admitted by the demurrer, to have been wrongfully in-
vaded by the defendants, must be regarded as including at
least an easement in the drain, and as such it is entitled to
protection by a Court of Equity. *Jay* v. *Michael,* 92 Md.
198; *Shipley* v. *Caples,* 17 Md. 183; *Roman* v. *Strauss,* 10
Md. 89; 14 *Cyc.,* 1223, 1219-20.

The remaining objection offered to the bill is that its aver-
ments are vague and uncertain in respect to the particular
injury of which the plaintiff complains as a result of the al-
leged trespass. It is a familiar rule that the facts upon
which reliance is placed for relief by injunction must be
clearly stated. *Miller's Eq. Proc.,* 687. We think, however,
that in this case the rule has been substantially observed.
The bill describes the conditions existing prior to the use

of the drain by the defendants. It shows that even then the capacity of the drain was overtaxed, and that repeated stoppages and overflows occurred producing special damage to the plaintiff by reason of the lower grade of her property as compared with the adjoining premises. The charge is then distinctly made that the defendants' wrongful and extensive appropriation of the use of the drain has increased its liability to become choked and to discharge its contents upon the plaintiff's lot, and that she is thus exposed to the danger of recurring nuisances. We have no doubt as to the sufficiency of these allegations to entitle the plaintiff to relief by injunction. It is not necessary that she should. wait for the actual occurrence of the injury which it is thus shown may be reasonably anticipated. *Brauer* v. *Refrigerating Co.,* 99 Md. 381, and it is obvious that an action at law would not afford an adequate remedy. *Long* v. *Ragan,* 94 Md. 464; *Shipley* v. *Ritter,* 7 Md. 408; *Gilbert* v. *Arnold,* 30 Md. 29; *Davis* v. *Reed,* 14 Md. 156. The demurrer to the bill of complaint was, therefore, properly overruled.

In its decree, thus disposing of the demurrer, the Court below granted immediately and in absolute terms the writ of injunction as prayed in the bill, without providing an opportunity for the filing of an answer. There is no suggestion in the record, and none was given in the argument, as to the reason for this action, but as it involves a departure from the established practice and the requirements of the Equity Rule of this Court on the subject, it is necessary that the decree be reversed in this particular. It is provided by Rule No. 22, embodied in the Code as section 153 of Article 16, that "if upon the hearing, any plea or demurrer is overruled unless the Court or judge thereof hearing the same be satisfied that it was intended for vexation and delay, the defendant shall be required to answer the bill, or so much thereof as may be covered by the plea or demurrer, at such time as, consistently with justice and the rights of the defendant, the same can be reasonably done; in default whereof, the bill

shall be taken, as against him, *pro confesso,* and the matter thereof proceeded in and decreed accordingly; and such decree shall also be made when the Court or judge thereof shall be satisfied that the plea or demurrer was interposed for vexation or delay merely, and is frivolous or unfounded."

The demurrer in this case was accompanied by an affidavit that it was not intended for delay, and the decree does not indicate that the truth of this statement was doubted by the Court. We see nothing in the record or in the character of the demurrer to disentitle the defendants to their right to answer the bill and be heard on the merits in accordance with the rule quoted and the uniform practice. *Stinson* v. *Ellicott, etc., Co.,* 109 Md. 114; *Trego* v. *Skinner,* 42 Md. 426; *Miller's Eq. Proc.,* 174.

The cause will be remanded in order that this opportunity may be afforded.

> *Decree affirmed in part and reversed in part and cause remanded, the appellee to pay the costs of this appeal, the costs below to abide the result of the suit.*