## OLEVIA COLE

*vs.*

## STATE OF MARYLAND.

*Adultery: statutory offense, fine and costs. Costs: correction of——.*

The offense of adultery is not a common law offense, and in Maryland was made punishable only by statute, according to Chapetr 27 of the Acts of 1715. p. 242

To such an offense, section 1 of Article 38 (regulating "fines and forfeitures") is applicable, as well as section 5 of Article 27, and upon a conviction under the latter, a sentence that the traverser pay a fine of $10.00 and costs is proper. p. 242

The costs in such a case should include the costs of the prosecution only, and should not include any charge for counsel fees. p. 243

For an error in such a taxation of costs, the traverser can have the correction made by application to the trial court. p. 243

*Decided May 5th, 1915.*

Appeal from the Circuit Court for Charles County. (BEALL and CAMALIER, JJ.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Adrian* and *F. Stone Posey,* on the brief, for the appellant.

*Edgar Allan Poe, the Attorney-General,* on the brief for the appellee.

BOYD, C. J., delivered the opinion of the Court.

The plaintiff in error was convicted of adultery, and was sentenced to pay a fine of ten dollars and costs. The only alleged error is that costs could not legally be imposed as a part of the sentence, the case being brought before us on a writ of error which alleges: "That the minimum and maximum punishment prescribed by law for the commission of the crime of adultery is a fine of ten ($10.00) dollars; the Court, therefore, erred in its judgment in imposing upon the defendant both a fine of ten ($10.00) dollars *and costs,* which was more than the maximum punishment prescribed by law as aforesaid for the commission of such an offense."

We will not stop to determine whether the petition for a writ of error is in all respects regular, as no question was raised about that by the State, but, assuming that it is, we will consider the assignment of error. Section 5 of Article 27 of Code of Public General Laws provides that: "Any person who shall commit adultery shall upon conviction thereof in any of the Circuit Courts for the counties in this State or the Criminal Court of Baltimore be fined ten dollars," and does not mention costs, but section 1 of Article 38, being the article on "Fines and Forfeitures," contains these

provisions: "When any fine or penalty is imposed by any
Act of Assembly of this State or by any ordinance of any
incorporated city or town in this State enacted in pursuance
of sufficient authority, for the doing of any act forbidden to
be done by such Act of Assembly or ordinance, or for omit-
ting to do any act required to be done by such Act of Assem-
bly or ordinance, the doing of such act or the omission to do
such act shall be deemed to be a criminal offense," and then,
after providing for the prosecution of such offense, the sec-
tion proceeds: "If any person shall be adjudged guilty of
any such offense by any Court having jurisdiction in the
premises, he shall be sentenced to the fine or penalty pre-
scribed by such Act of Assembly or Ordinance and to the
costs of his prosecution; and in default of payment thereof
he shall be committed to jail until thence discharged by due
course of law."

The latter provision would seem to be conclusive of the
question, but the attorney for the traverser contends that
that section is only applicable to offenses created by statute,
and not to common law offenses, and he further contends that
adultery is a common law and not a statutory offense. For
the latter proposition he cites *Hochheimer's Criminal Law*
(2nd Ed.), sections 239-242, but in section 239 that author
distinctly states that "Fornication and adultery are not com-
mon law offenses, but are generally punishable by statutes,"
and we find nothing to the contrary in any of the above sec-
tions. Adultery was not a *criminal* offense at common law.
In *Wagaman* v. *Byers,* 17 Md. 183, which was an action of
slander, where the words consisted in charging the plaintiff
with adultery, it was held they were not sufficient, *per se,*
to maintain the action, because, by the law of this State, the
penalty for adultery is a pecuniary fine. While the Court
did not in so many words say it was not punishable as a
common law offense, that is necessarily implied, and seemed
to be a *concessum* in the case. Mr. Alvey, attorney for the
appellee, who was afterwards a distinguished member of this
Court, said in his brief: "The common law takes no cogniz-

ance of the crime of adultery, and in England the party guilty
of the commission is only liable to ecclesiastical censure. In
this State, the only law making it a crime, and authorizing
its punishment, is the Act of 1715, Ch. 27, sec. 3;" and the
Court said: "It was contended by the appellant's counsel, that
adultery was made a crime by the Act of 1715, Ch. 27. But,
by that Act, the penalty was a pecuniary fine."

In *Shafer* v. *Ahalt,* 48 Md. 171, JUDGE ROBINSON said:
"Now, adultery was a *spiritual offense* cognizable by the
*Spiritual Courts,* and the punishment was confined to the
infliction of penalty, *"pro salute animae."* In 1 *Am. and
Eng. Ency of Law* (2nd Ed.), 747, it is said: "Adultery was
not an indictable offense at common law, except, indeed, when
open and notorious, amounting to a public nuisance," and in
1 *Cyc.* 952. it is stated that: "Adultery as a crime was un-
known to the common law"; and again: "Adultery not being
a common law offense, is not punishable in this country unless
made so by statute." 1 *R. C. L.* 633, under the title "Adul-
tery (As A Crime)" this statement is made: "Adultery was
not, however, regarded as an indictable offense, but, as a pri-
vate wrong, for which the injured husband had his right of
action for damages. Nevertheless, in early times it was re-
garded as an offense, and was cognizable by the ecclesiastical
courts, though the offense was not defined by the canon law
the same as by the common law." As there are many author-
ities cited in the notes to those three volumes, we will not
refer to others.

As section 1 of Article 38 thus clearly applies to a con-
viction under our statute for adultery, it would be useless to
determine how far section 1 of Article 38 is applicable to
convictions of what were crimes at common law, but the
punishments for which have been fixed by statute. Nor will
we discuss other questions on the subject of costs in criminal
cases except to call attention to the fact that in the taxation
of the costs, as set out in the record, the appearance fee of
the defendant's attorney is included. There may be other

costs incurred by her, included, as the sheriff's, clerk's and witnesses' fees of the State and traverser are not stated separately and the record does not show whether any of them were incurred by the defendant in the course of the trial. Of course, the costs included in the sentence are those of the prosecution, as indeed the statute above quoted provides. The error can be corrected in the lower Court and is no ground for reversal, not only because no objection was made to it in the lower Court, but because the sentence of the Court in such case is that the traverser pay the fine fixed *and the costs.* The clerk then taxes the costs, and if he makes an error as to what should be included, the traverser can have it corrected by application to the lower Court. It is said in 8 *Ency. of Pl. & Pr.* 994, that: "When improper items are taxed as costs, the general method of obtaining relief is by a motion in the trial Court that the costs be retaxed," and the practice throughout this State so far as we are aware, is to make application to the trial Court to have the error corrected.

*Judgment affirmed, with costs to the appellee.*