## NATHAN J. MYERBERG et al. v. WILLIAM PURNELL HALL et al., Receivers.

[No. 12, April Term, 1932.]

*Decided May 20th, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Solomon Hirschhorn,* with whom was *William H. Lawrence* on the brief, for the appellants.

*William Purnell Hall* and *Alfred J. O'Ferrall*, submitting on brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

This appeal is from an order overruling the demurrer to a bill of complaint in which the plaintiffs claim an equitable one-half interest in several lots of ground in Baltimore City, the legal title to which was in the defendants.

The bill alleges that plaintiffs were appointed as receivers of the Provident Building Association of Baltimore City by a decree of the Circuit Court of Baltimore City in the case of William H. Tabeling *et al.* against said building association, and have duly qualified; that one H. Walter Ganster, Jr., secretary and treasurer of said association, embezzled therefrom large sums of money prior to his death on September 8, 1928; that said Ganster and the defendants were the owners as tenants in common of several lots of ground in Baltimore City as follows: Nos. 1106, 1108 and 1110 Madison Avenue, 1010 St. Paul Street and 825 and 827 Hamilton Terrace; that on July 23rd, 1928, in consideration of five dollars and other good and valuable considerations, he executed an assignment to said association of all his right, title and interest and estate, which consisted of an equitable one-half interest in said lots, the original assignment being filed as an exhibit; that, at the time of said assignment, the legal title to lots Nos. 1106, 1108 and 1110 Madison Avenue was vested in Nathan J. Myerberg and Annie Myerberg, his wife, they having acquired said title by a deed from the Convention of the Protestant Episcopal Church in the Diocese of Maryland, dated November 3rd, 1920, and duly recorded; that the legal title to the other lots was vested in Nathan J. Myerberg, No. 1010 St. Paul Street, by deed from James Frick *et al.*, to Nathan J. Myerberg and H. Walter Ganster Jr., dated February 26th, 1920, and deed from H. Walter Ganster, Jr., and wife to Myerberg, dated March 22nd, 1923, No. 825 Hamilton Terrace, by deed from Max Cohen dated February 14th, 1922, and No. 827 Hamilton Terrace by deed from Netherclift Apartment Company dated June 18th,

1920, all of which deeds were duly recorded; that said properties are subject to certain outstanding and unredeemed mortgages, the amount due and unpaid thereon being unknown to plaintiffs, and that plaintiffs have no way of ascertaining the value of their interest in said properties, this information being solely within the knowledge of the defendants; that said properties are highly productive improved parcels of real estate; that the rents therefrom have been and are being collected by Nathan J. Myerberg, who has been and is applying them to his own use and benefit, to the exclusion of plaintiff's enjoyment thereof in common with said defendants; that said defendants have never accounted, within the knowledge of plaintiffs, to said Ganster or to plaintiffs, for his and their share of the rents, issues, and profits derived from said properties, nor have they disclosed to plaintiffs the value of their interest therein. The prayer of the bill is for:

(1) An injunction restraining defendants, pending this action, from conveying, incumbering, or otherwise disposing of said properties.

(2) A decree directing defendants to convey to plaintiffs an undivided one-half interest therein, subject to such mortgages as may be properly a charge thereon, and to redeem said properties from the operation and effect of such mortgages as may not properly be liens thereon.

(4) For a disclosure and discovery by defendants of what moneys they now have on hand and an accounting for all income, rents, issues and profits or returns received from said properties, for which said defendants have never accounted to either H. Walter Ganster, Jr., or to plaintiffs.

(5) A decree requiring defendants to pay over to plaintiffs all sums by defendants, or either of them, due plaintiffs on account of said rents, issues and profits.

(6) General relief.

The assignment from Ganster to the association purports to be an absolute assignment of all the grantors' right, title, interest, and estate, "which consists of an equitable one-half interest" in said properties, by H. Walter Ganster, Jr., and

Anna Morgan Ganster, his wife; "the interest hereby intended to be assigned being an undivided one-half interest in the above mentioned properties." The wife's signature, however, is lacking, nor is the form of acknowledgment at the foot of the paper, which calls for the signature and seal of a notary public, signed or sealed by such official; nor is there a witness to Ganster's signature. It does not appear from any allegation in the bill that the assignment was delivered to the assignee or how it came in possession of it. Indeed, it would seem from a letter, appearing as an *addendum* to appellees' brief, that the paper was found amongst Ganster's papers after his death. At any rate, it is manifestly an incomplete paper, and clearly not in shape for delivery. It is not likely that the building association would have taken it in that shape. It would at least have had it acknowledged.

We think the demurrer should have been sustained. There is no fact alleged in the bill supporting plaintiff's right to sue. The statement in the fourth paragraph that Ganster, prior to his death, and the defendants were the owners of the said lots as tenants in common is inconsistent with the allegations in the sixth, seventh, and eighth paragraphs that the legal title to these lots was in the Myerbergs. At any rate, that statement and the statement in the fifth paragraph that Ganster's interest consisted of an equitable one-half interest are conclusions of law without a single fact appearing in the bill to support them, except the reference to the alleged assignment and the paper itself filed as an exhibit. If the claim is that Ganster furnished half the purchase money for the properties and that a trust in his favor resulted therefrom, that fact should be alleged; or such other fact as would tend to establish an equitable interest. To establish a right to sue it is not enough to allege that one has an equitable interest derived from another who merely asserts an equitable interest, without the slightest reference to source of title. Facts must be alleged tending to support the claim. *Miller's Equity Proc.*, p. 126; *Lamm v. Burrell*, 69 Md. 272, 14 A. 682; *Boyd, Admx. v. Shirk*, 125 Md. 182, 93 A. 417; *Stinson v.*

*Ellicott, etc., Co.,* 109 Md. 111, 71 A. 527; *Lipson v. Evans,* 133 Md. 378, 105 A. 312.

We do not think it sufficiently appears from the bill of complaint that plaintiffs or those under whom they claim were guilty of laches to justify a finding for defendants on demurrer on that ground. But it is a significant circumstance that there is not a word in the bill of complaint to indicate that, during all the years the legal title was in the defendants (varying from eight to ten, up to the time of filing the bill, and from five to eight during the life time of Ganster), there was ever an acknowledgment by defendants of any interest in Ganster in any of said lots, or a demand on them made by Ganster or, after his death, by the receivers. And such omission emphasizes the utter barrenness of the bill as to facts upon which to base the claim of an equitable or any other interest. Indeed, the plaintiffs aver that, so far as they know, defendants have never accounted either to Ganster or to plaintiffs for any part of the rents, issues, and profits.

*Order reversed, with costs, and case remanded.*